**ORIGINAL**

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
APR 17 2017
at  11  o'clock and  40  min.  A  M.
SUE BEITIA, CLERK

# UNITED STATES DISTRICT COURT
for the
District of Hawaii

_____ Division

Harvey Lynn Moosberg

*Plaintiff(s)*
(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

–v–

"see attached"

*Defendant(s)*
(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. CV17 00176 DKW RLP
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)*    X  Yes      ☐ No

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Non–Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Harvey Lynn Moosberg |
| Address | 47-653 Kamehameha Highway Apt 204 |
| City | Kaneohe |
| State | HI |
| Zip Code | 96744 |
| County | Honolulu |
| Telephone Number | 8089895190 |
| E-Mail Address | locateharvey@hotmail.com |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

**SEE ATTACHED**

Defendant No. 1

| | |
|---|---|
| Name | University of Hawaii at Manoa |
| Job or Title (if known) | |
| Address | KCC at 4303 Diamond Head Rd |
| City | Honolulu |
| State | HI |
| Zip Code | 96816 |
| County | Honolulu |
| Telephone Number | 8087349000 |
| E-Mail Address (if known) | |

Individual capacity    X  Official capacity

Defendant No. 2

| | |
|---|---|
| Name | University of Hawaii |
| Job or Title (if known) | |
| Address | 4303 Diamond Head Rd |
| City | Honolulu |
| State | HI |
| Zip Code | 96816 |
| County | Honolulu |
| Telephone Number | |
| E-Mail Address (if known) | |

Individual capacity    X  Official capacity

Defendant No. 3

| | |
|---|---|
| Name | Kapiolani Community College |
| Job or Title (if known) | |
| Address | 4303 Diamond Head Rd |

|  |  |  |  |
|---|---|---|---|
|  | Honolulu | HI | 96816 |
|  | City | State | Zip Code |
| County | Honolulu | | |
| Telephone Number | 8087349000 | | |
| E-Mail Address *(if known)* | | | |
|  | Individual capacity | X Official capacity | |

Defendant No. 4
  Name                         Dr Brenda Ivelisse
  Job or Title *(if known)*    Vice Chancellor
  Address                      4303 Diamond Head Rd

|  |  |  |  |
|---|---|---|---|
|  | Honolulu | HI | 96816 |
|  | City | State | Zip Code |
| County | Honolulu | | |
| Telephone Number | 8087349000 | | |
| E-Mail Address *(if known)* | | | |
|  | Individual capacity | X Official capacity | |

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

  A. Are you bringing suit against *(check all that apply)*:

   ___ Federal officials (a *Bivens* claim)

   X   State or local officials (a § 1983 claim)

  B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

   Defendents (more than one planning on reasons to disallow a service animal) conspiricy to interfere with civil rights, and the interference in the violation of discrimination, under the ADA Title II disability rights, and plaintiff was denied under Part 35 Nondiscrimination on the Basis of Disability in State and Local Government Services
   (as amended by the final rule published on August 11, 2016)
   subpart B - General Requirements § 35.136 - (a) General. Generally, a public entity shall modify its policies, practices, or procedures to permit the use of a service animal by an individual with a disability.
   (g) Access to areas of a public entity. Individuals with disabilities shall be permitted to be accompanied by their service animals in all areas of a public entity's facilities where members of the public, participants in services, programs or activities, or invitees, as relevant, are allowed to go.

  C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

| | |
|---|---|
| | Defendents (more than one planning on reasons to disallow a service animal) conspiricy to interfere with civil rights, and the interference in the violation of discrimination, under the ADA Title II disability rights, and plaintiff was denied under Part 35 Nondiscrimination on the Basis of Disability in State and Local Government Services (as amended by the final rule published on August 11, 2016)<br>subpart B - General Requirements § 35.136 - (a) General. Generally, a public entity shall modify its policies, practices, or procedures to permit the use of a service animal by an individual with a disability.<br>(g) Access to areas of a public entity. Individuals with disabilities shall be permitted to be accompanied by their service animals in all areas of a public entity's facilities where members of the public, participants in services, programs or activities, or invitees, as relevant, are allowed to go. SEE ATTACHED |

III. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. Where did the events giving rise to your claim(s) occur?

Email request to attend American Sign Laguage classes at the Hawaii State University of Manoa, University of Hawsii, Hawaii University campus located at Kapiolani Community College

B. What date and approximate time did the events giving rise to your claim(s) occur?
October 26, 2016 at 08:44 am

C. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

On October 25, 2016 at 4:22 pm, I sent an email to instructor Ms Holmes, requesting attendence permission to attend ASL classes. In the email, I stated that I had a stroke in 2010, Kaiser Permenete had tested my hearing loss due to the stroke as moderate to severe bilateral, and that I have a service animal, Prince, who is my hearing assist animal, that is also trained to alert people should I show signs of having a stroke again, and noted that my service animal goes where ever I go.

The following morning, October 26, 2016 at 8:44 am, Ms Holmes replied that she had consulted with two other ASL instructors, that did not want me to bring me service animal due to allergies. Ms Holmes then added "I myself not comfortable to have dogs in classroom due to distraction when teaching. " She concluded that it is up to the instructors to allow me in, and that I would need a placement test, after clearly stating that my service animal is not welcome. Upon notifying the Vice Chancellor of the violation of Federal American Disabilities Act, the Vice Chancellor has defended the University representative by modifying intent to be taking placement test would allow my service animal. The Vice Chancellor has joined the defendants by overlooking my rights that were denied.

## IV.  Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

This has created additional anxiety causing headaches, chest aches, loss of sleep, and the general understanding of non-acceptance in the Deaf Community known to the instructors. My doctor is prescribing citalopram to assist in the emotional discomfort. Because Ms Holmes is well known for her teaching at Kapiolani Community College, and her involvement in Aloha State Assosiation of the Deaf, and her involvement with Comprehensive Service Center for the Deaf, and her administrating the Facebook site known as Deaf News Hawaii, she has created a social stigma due to the island being so small, and having a very limited number of Deaf, for me to interact with. She has successfully made me feel an outcast, unaccepted from even learning American Sign Language to be able to communicate even basic needs for my health.

I also so not have a thyroid. Stress is more intensive to people without a thyroid, noted as my original onset of Graves Desease - Hyper Thyroidism was brought on, due to stress, neccesitating the need for thyroidectomy by radioactive iodine. The additional problems from this stress has had a major impact on my entire endocrine system, regulating my entire body.

## V.  Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

In describing the physical effects on my 63 year old body, having a heart condition known as atrial tachycardia, and having had a stroke that temporarily paralyzed my entire left side of the body, monetary value is priceless. In the following, I will describe only a part of the hardship I have incurred, keeping in mind that the stress involved has certainly had a significant toll on my life expectancy. I desire a jury to determine the just monetary relief due to my health.

I have lived here on Oahu for years, but without the ability to communicate in a typical manner, without the resources provided to hearing students at KCC to learn ASL, and with my being more likely to having a stroke or heart failure, I feel it is necessary to move off the island that I have called home, for safety, health, and overall well being. There is another higher education that offers ASL classes, but it is Brgham Young University and I am not Mormon, and therefore would rather not attend that location. I feel that the Hawaii State University is offering classes to hearing students, and has violated my trust and rights under the American Disability Act Title II, by singling me out from the conspiracy of the three individuals and the Kapiolani Community College. Conspiracy is a Federal and State offense, as well as violation of my civil rights, given to me by Federal, State, and local laws. I would expect compensation to include emotion distress, physical distress, and the financial abilities to achieve my education in another state if so desired. This would be financially draining to move off the island, and start my life over again, in a more friendly environment to myself and my service animal. Starting a life again, off the island of Oahu can easily run into the hundreds of thousands of dollars, as the court judge and jury may determine. I would also expect some form of written disipline for employees that violate the rights of those of us with disabilities. I would expect the University to insist on every employed person to attend sessions to learn the rights under the ADA Title II. I would expect that a ruling in my favor include any punishments under the ADA Title II, conspiracy under Title 18 U.S.C. Section 241 - Conspiracy Against Rights AS NOTED BELOW.  Moreover, my ability to communicate in event of another stroke or heart condition is continually jeopordized due to conspiracy under Title 18 U.S.C. Section 245 - Federally Protected Activities, since I requested participation  from a program receiving Federal Financial Assistance, under paragraph 1) e. and paragraph 2) a. and paragraph 2) b. AS NOTED BELOW.

Title 18, U.S.C., Section 241 - Conspiracy Against Rights
This statute makes it unlawful for two or more persons to conspire to injure, oppress, threaten, or intimidate any person of any state, territory or district in the free exercise or enjoyment of any right or privilege secured to him/her by the Constitution or the laws of the United States, (or because of his/her having exercised the same). It further makes it unlawful for two or more persons to go in disguise on the highway or on the premises of another with the intent to prevent or hinder his/her free exercise or enjoyment of any rights so secured. Punishment varies from a fine or imprisonment of up to ten years, or both; and if death results, or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title or imprisoned for any term of years, or for life, or may be sentenced to death.

Title 18, U.S.C., Section 245 - Federally Protected Activities
1) This statute prohibits willful injury, intimidation, or interference, or attempt to do so, by force or threat of force of any person or class of persons because of their activity as:
a.   A voter, or person qualifying to vote...;
b.   a participant in any benefit, service, privilege, program, facility, or activity provided or administered by the United States;
c.   an applicant for federal employment or an employee by the federal government;
d.   a juror or prospective juror in federal court; and
e.   a participant in any program or activity receiving Federal financial assistance.
2) Prohibits willful injury, intimidation, or interference or attempt to do so, by force or threat of force of any person because of race, color, religion, or national origin and because of his/her activity as:
a.   A student or applicant for admission to any public school or public college;
b.   a participant in any benefit, service, privilege, program, facility, or activity provided or administered by a state or local government;
c.   an applicant for private or state employment, private or state employee; a member or applicant for membership in any labor organization or hiring hall; or an applicant for employment through any employment agency, labor organization or hiring hall;
d.   a juror or prospective juror in state court;
e.   a traveler or user of any facility of interstate commerce or common carrier; or
f.   a patron of any public accommodation, including hotels, motels, restaurants, lunchrooms, bars, gas stations, theaters...or any other establishment which serves the public and which is principally engaged in selling food or beverages for consumption on the premises.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:  April 12, 2017

Signature of Plaintiff  *Harvey Lynn Moosberg*
Printed Name of Plaintiff  Harvey Lynn Moosberg

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Address

City    State    Zip Code

Telephone Number
E-mail Address

Attached List of Defendants :

University of Hawaii at Manoa
University of Hawaii
Kapiolani Community College
Dr Brenda Ivelisse
Chritine Akana Holmes
American Sign Language (ASL) Instructors:
Emily Jo Noschese
Brian Dyc Nakamoto
Ami Tsuji-Jones
Jan L Fried
Daniel J Didonna
and possibly other ASL instructors as mentioned in email, with unnamed identifications, to be determined.

B. Attached (continued) The Defendants :

| Defendant No. 5 | |
|---|---|
| Name | Christine Akana Holmes |
| Job or Title (if known) | Instructor |
| Address | 4303 Diamond Head Rd |
| | Honolulu / HI / 96816 |
| | *City / State / Zip Code* |
| County | Honolulu |
| Telephone Number | |
| E-Mail Address (if known) | |

| Defendant No. 6 | |
|---|---|
| Name | Emily Jo Noschese |
| Job or Title (if known) | Instructor |
| Address | 4303 Diamond Head Rd |
| | Honolulu / HI / 96816 |
| | *City / State / Zip Code* |
| County | Honolulu |
| Telephone Number | 8087349000 |
| E-Mail Address (if known) | |
| | Individual capacity    X Official capacity |

| Defendant No. 7 | |
|---|---|
| Name | Brian Dyc Nakamoto |
| Job or Title (if known) | Instructor |
| Address | 4303 Diamond Head Rd |
| | Honolulu / HI / 96816 |
| | *City / State / Zip Code* |
| County | Honolulu |
| Telephone Number | 8087349000 |
| E-Mail Address (if known) | |
| | Individual capacity    X Official capacity |

| Defendant No. 8 | |
|---|---|
| Name | Ami Tsuji-Jones |
| Job or Title (if known) | Instructor |
| Address | 4303 Diamond Head Rd |
| | Honolulu / HI / 96816 |
| | *City / State / Zip Code* |
| County | Honolulu |
| Telephone Number | 8087349000 |
| E-Mail Address (if known) | |
| | Individual capacity    X Official capacity |

| Defendant No. 9 | |
|---|---|
| Name | Jan L Fried |
| Job or Title (if known) | Instructor |
| Address | 4303 Diamond Head Rd |
| | Honolulu / HI / 96816 |
| | *City / State / Zip Code* |
| County | Honolulu |
| Telephone Number | 8087349000 |

|   |   |   |   |   |   |
|---|---|---|---|---|---|
| E-Mail Address *(if known)* |   |   |   |   |   |
|   |   | Individual capacity | X | Official capacity |   |
| Defendant No. 10 |   |   |   |   |   |
| Name | Daniel J Didonna |   |   |   |   |
| Job or Title *(if known)* | Instructor |   |   |   |   |
| Address | 4303 Diamond Head Rd |   |   |   |   |
|   | Honolulu |   | HI |   | 96816 |
|   | *City* |   | *State* |   | *Zip Code* |
| County | Honolulu |   |   |   |   |
| Telephone Number | 8087349000 |   |   |   |   |
| E-Mail Address *(if known)* |   |   |   |   |   |
|   |   | Individual capacity | X | Official capacity |   |

Page 10 of 12

II D attached

On October 25, 2016 at 4:22 pm, I sent an email to Kapiolani Community College instructor Ms Holmes, requesting attendence permission to attend ASL classes. In the email, I explained that I had a stroke in 2010, Kaiser Permenete had tested my hearing loss due to the stroke as moderate to severe bilateral, and that I have a service animal, Prince, who is my hearing assist animal, that is also trained to alert people should I show signs of having a stroke again, and noted that my service animal goes where ever I go.

The following morning, October 26, 2016 at 8:44 am, Ms Holmes replied that she had consulted with two other ASL instructors, that did not want me to bring me service animal due to allergies. The additional instructor defendents, listed as
Emily Jo Noschese, Brian Dyc Nakamoto, Ami Tsuji-Jones, Jan L Fried, and Daniel J Didonna,
are added to this discrimination suit became Holmes would not identify the specific names of the instructors which had been tested by a physician to identify specifically allergies to dogs in their physical records, of which they claim to be justification on not bringing a service animal that also serves as a medical stroke alert for me with my disability.
Holmes then added "I myself not comfortable to have dogs in classroom due to distraction when teaching. " She concluded that it is up to the instructors to allow me in, and that I would need a placement test, after clearly stating that my service animal is not welcome. Upon notifying the Vice Chancellor Dr Brenda Ivelisse of the violation of Federal American Disabilities Act, the Vice Chancellor has defended the University representative by modifying intent to be taking placement test would allow my service animal. The Vice Chancellor has joined the defendants by overlooking my rights that were denied, and asserting that the reason is changed, still neglecting my ADA rights.

Dr Ivelisse further notified additional personnel by sending a reply including my personal medical history without my consent, to a number of people she decided on her own to reveal not only that there are questions regarding discrimination, but also my medical history information, that she could have redacted. Among the people she informed was Louise Pagotto. Kapiolani Community College is added as a defendant because Ms Pagotto is the Interim Chancellor for the KCC facility, and having been informed of the discrimination along with my medical history proof of disability along with the identification of Prince as a service animal listed with the National Service Animal Registry, once again having been informed as the Chancellor in charge, Kapiolani Community College continued to not act according to violation of federal law, violation of state law, and violation of the rights to be given to all students, whether currently enrolled or prospective, according to the rules and regulations set forth by the University Board of Regents. Therefore,  Kapiolani Community College furthers the lack of acknowledged violation and repercussions set in their own guidelines.

The University of Hawaii at Manoa, also known as University of Hawaii, is added to this suit because it is the parent school that oversees the operations of all satellite campuses, under the direction of its President of the University of Hawaii System 10 campuses, Dr David Lassner. The Board of Regents creates all policies and exercises total control of every campus of the UH system, through the president. The UH system is allowing continuous employment and control of personnel allowing the discrimination of my disability rights of the American Disabilities Act, which include the rights for my service animal to be with me at all times in order for me to enjoy my right of freedom access. There are hearing students taking classes at the facilities, who do not have the moderate to severe bilateral hearing loss disability that I have. The state has made laws that give these access rights to everyone who has disabilities. The state also gives free access to persons over 60, without credit to classes given by the University of Hawaii system. There are hundreds of people who are allowed that opportunity. I was not allowed because 2 instructors placed their supposed identified by physicians "allergies to dogs" as a higher justified priority, causing restrictions of my service animal. Ms Holmes obviously initiated the discussion in conspiring to remove my right of having a service animal in school classrooms, as permitted by our United States Constitution, and the American Disabilities Act, and my additional rights given by the State of Hawaii, and should have been granted by the University of Hawaii System itself due to it having no

II D ATTACHED continued:

immunities from violation of the ADA, according to the Department of Education Office of Civil Rights.

Obviously, I have listed all ASL instructors in this filing, because the representatives of Kapiolani Community College have not given the specific identities of the two other instructors mentioned in he conspiracy act. The remaining ASL instructors will be removed, unless they wish to testify on behalf of the defendants in suppirt for committing these unlawful acts. The Nation, the State, the University, and the general public should not condone the violation of civil rights, whether as an individual or as a group.